# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**City of Wheeling,**
**Employer Below, Petitioner**

**v.)**    **No. 25-885**   (JCN: 2024010987)
                                    (ICA No. 25-ICA-138)

**David Gilbert,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner City of Wheeling ("City") appeals the October 24, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See City of Wheeling v. Gilbert*, No. 25-ICA-138, 2025 WL 2993722 (W. Va. Ct. App. Oct. 24, 2025) (memorandum decision). Respondent David Gilbert filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the March 3, 2025, decision of the West Virginia Workers' Compensation Board of Review. The Board of Review reversed the claim administrator's July 31, 2024, order and added scapholunate instability, right wrist, and scapholunate ligament tear, right wrist, to the claim as compensable conditions. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

The City asserts that the ICA and Board of Review failed to address the fact that none of the claimant's medical records documented right wrist swelling, bruising, or ecchymosis, which would have been present had the claimant suffered a scapholunate ligament tear. In addition, the claimant reported that he experienced instability in his right wrist before the compensable injury occurred. Leonard J. Buck, M.D., explained that the mechanism of the compensable injury, falling onto an outstretched hand and catching a stretcher with both hands,[2] would be insufficient to cause an acute tear of the scapholunate ligament. Therefore, the City argues that this Court should reverse the ICA and the Board of Review and reinstate the claim administrator's order denying the addition of scapholunate instability, right wrist, and scapholunate ligament tear right wrist, right wrist, as additional compensable conditions. The claimant counters by arguing that the Board of Review properly found that Dr. Buck's report was not reliable and that the claimant's testimony that

---

[1] The employer appears by counsel Aimee M. Stern, and the claimant appears by counsel Sandra K. Law.

[2] The claimant is a firefighter/paramedic for the City.

corrected a mistake in his therapy records—the claimant reported that he previously experienced instability in his left wrist, not his right wrist—was credible.[3] The claimant's surgeon, Charles Alan Tracy, M.D., submitted the diagnosis update requesting the addition of scapholunate instability, right wrist, and scapholunate ligament tear, right wrist, to the claim as compensable conditions. Therefore, the claimant argues that the Board of Review, as affirmed by the ICA, did not err in reversing the claim administrator's order.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. *see* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: June 1, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[3] As the Board of Review was the finder of fact in this case, the Board had the exclusive responsibility to weigh the evidence and judge the credibility of witnesses. *See Hood v. Lincare Holdings, Inc.*, 249 W. Va. 108, 115, 894 S.E.2d 890, 897 (2023) ("the factfinder certainly may weigh the nuances surrounding how the injury occurred to resolve the ultimate question of whether the claimant met his burden of proof of showing it was work connected").